IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GE COMMERCIAL DISTRIBUTION
FINANCE CORP.; et al.,

    Plaintiffs,                         No. CIV S-12-0715 KJM-EFB

    vs.

ENGLAND ENDEAVORS, INC.; et al.,    <u>ORDER</u>

    Defendants.

/

        This matter comes before the court on plaintiffs' application for temporary restraining order and preliminary injunction "restraining [defendants] from dissipating, concealing, selling, transferring, pledging, hypothecating, granting a security interest in, or otherwise disposing of the Missing Collateral and from ill-treating, destroying, or misusing the Missing Collateral pending a hearing on Plaintiffs' Application for Writ of Possession . . . ." (Mot. at 9, ECF 2.) Plaintiffs also ask the court to order defendant England Endeavors, Inc. "to disclose the current location and status of the Missing Collateral . . . ." (*Id.*) For the reasons that follow, plaintiffs' application is denied.

I.  <u>STANDARD</u>

        A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard

1

in opposition." Fed. R. Civ. P. 65(b)(1)(A).[1] The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008); *see Stuhlbarg Int'l. Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analyses for temporary restraining order and preliminary injunction "substantially identical"). Plaintiffs must satisfy all four prongs of this test. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Furthermore, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 129 S.Ct. at 375-76. Rather, "plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction." *Id.* at 375 (emphasis in original). "In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Id.* at 376 (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987)). The Ninth Circuit employs the "serious questions" test, which states "'serious questions going to the merits' and a balance of hardships that tips sharply

---

[1] Plaintiffs base their request for a temporary restraining order on Federal Rule of Civil Procedure 64 and California law. Rule 64(a) provides: "At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Rule 64(b) provides that the remedies available under Rule 64(a) include arrest, attachment, garnishment, replevin, and sequestration. Although plaintiffs' application for writ of possession is properly brought in accordance with Rule 64, plaintiffs' present application is properly brought in accordance with Rule 65 and is construed as being so brought.

towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Wild Rockies*, 632 F.3d at 1135.

II. ANALYSIS

Plaintiffs contend they will suffer irreparable harm if this application is not granted because there will be nothing to prevent England Endeavors from selling the missing collateral or converting or divesting itself of the proceeds. (Mot. at 10.) Plaintiffs further contend they do not have an adequate legal remedy because "as the Missing Collateral depreciates due to misuse and age, the value of Plaintiffs' security interest is eroding." (*Id.* at 11.) In addition, plaintiffs contend, "if [England Endeavors] sells the inventory units out of trust, as it has done in the past, Plaintiffs will lose its [sic] security interest in the inventory and if [England Endeavors] is allowed to commingle or otherwise convert the cash collateral, Plaintiffs' [sic] will lose their security interest altogether." (*Id.*) Plaintiffs maintain that "[g]iven [England Endeavors's] prior actions in selling Inventory Collateral out of trust and concealing and refusing to disclose the location of the Missing Collateral, Plaintiffs determined that any prior notice would have subjected Plaintiffs to substantial risk of further irreparable harm." (*Id.*) However, plaintiffs did attempt to notify England Endeavors by contacting its counsel before filing the instant application. (Kincade Decl. ¶ 69.)

The court finds it necessary to address only whether plaintiffs have shown a likelihood of irreparable injury in evaluating the present request. *See Winter*, 129 S.Ct. at 375 (irreparable harm must be likely, not merely possible). Plaintiffs have a security interest in the property; the "missing collateral" is just that – collateral for the loans plaintiffs made to England Endeavors, guaranteed by the other named defendants. "Typically, monetary harm alone does not constitute irreparable harm." *Fid. Nat'l Title Ins. Co. v. Castle*, No. C 11-00896 SI, 2011 U.S. Dist. LEXIS 135316, at *19 (N.D. Cal. Nov. 23, 2011) (citing *Cal. Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 851-52 (9th Cir. 2009)). This is because "'[e]conomic damages . .

1  . can later be remedied by a damage award.'"  *Id.* (quoting *Cal. Pharmacists*, 563 F.3d at 852));
2  *see also Sanchez v. Superior Court*, NO. 10-cv-0218 BEN (WVG), 2010 U.S. Dist. LEXIS
3  52797, at *20 (S.D. Cal. May 27, 2010) ("'[T]he basis for injunctive relief in the federal courts
4  has always been irreparable injury and the inadequacy of legal remedies.'" (quoting *Weinberger*
5  *v. Romero-Barcelo*, 456 U.S. 305, 312 (1982))).  Moreover, plaintiffs provide no explanation for
6  their delay in seeking the present relief, taking into account that they were aware of England
7  Endeavors's default as of February 8 and of the missing collateral as of February 16.  (Mot. at
8  17-18.)  Legal remedies are adequate under the present circumstances to protect plaintiffs'
9  interests; plaintiffs have not demonstrated a likelihood of irreparable injury such as to warrant
10 the issuance on short notice of the extraordinary remedy of a temporary restraining order.  *See*
11 *Blackmon v. Tobias*, No: C 11-2853 SBA, 2011 U.S. Dist. LEXIS 64442, at *11 (N.D. Cal. Jun.
12 16, 2011).

13 III.  <u>CONCLUSION</u>

14         For the foregoing reasons, plaintiffs' application for temporary restraining order
15 and preliminary injunction is DENIED.  A hearing on plaintiffs' application for writ of
16 possession shall be set by the court within fourteen (14) days of plaintiffs' effecting service on
17 defendants or submission of an affidavit explaining plaintiffs' efforts to effect service and
18 reasons for their inability to do so.

19         IT IS SO ORDERED.

20 DATED: March 22, 2012.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE