1

2

3

4

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GE COMMERCIAL DISTRIBUTION
     FINANCE CORP.; et al.,

11
              Plaintiffs,                    No. CIV S-12-0715 KJM-EFB
12
          vs.
13
     ENGLAND ENDEAVORS, INC.; et al.,        ORDER
14
              Defendants.
15   _____/

16          This matter comes before the court on plaintiffs' application for writ of

17   possession.  (ECF 3.)  The court held a telephonic hearing on this matter on April 11, 2012;

18   Stefanie Sharp represented plaintiffs; defendants have not appeared in this action.  For the

19   following reasons, plaintiffs' application for writ of possession is granted.

20   I.   STANDARD

21          Rule 64(a) provides: "At the commencement of and throughout an action, every

22   remedy is available that, under the law of the state where the court is located, provides for

23   seizing a person or property to secure satisfaction of the potential judgment."  Rule 64(b)

24   provides that the remedies available under Rule 64(a) include arrest, attachment, garnishment,

25   replevin, and sequestration.  In an application for writ of possession, a plaintiff must show: "(1) .

26   . . the basis of the plaintiff's claim and that the plaintiff is entitled to possession of the property

1

1   claimed. . . . (2) the property is wrongfully detained by the defendant . . . . (3) A particular

2   description of the property and a statement of its value. (4) . . . the location of the property . . . .

3   [and] (5) . . . that the property has not been taken for a tax, assessment, or fine . . . or seized . . .

4   ." CAL. CODE CIV. P. § 512.010(b).[1]  California Code of Civil Procedure § 512.060 provides that

5   a writ of possession shall issue if "(1) The plaintiff has established the probable validity of the

6   plaintiff's claim to possession of the property. [and] (2) The undertaking requirements of Section

7   515.010 are satisfied." California Code of Civil Procedure § 515.010(a) provides "[t]he

8   undertaking [filed with the court] shall provide that the sureties are bound to the defendant for

9   the return of the property to the defendant, if return of the property is ordered, and for the

10  payment to the defendant of any sum recovered against the plaintiff. The undertaking shall be in

11  an amount not less than twice the value of the defendant's interest in the property or in a greater

12  amount."

13          A writ of possession may be issued ex parte if there is probable cause that, *inter*

14  *alia*: "The defendant acquired possession of the property in the ordinary course of his trade or

15  business for commercial purposes and: (I) The property is not necessary for the support of the

16  defendant or his family; and (ii) There is an immediate danger that the property will become

17  unavailable to levy by reason of being transferred, concealed, or removed from the state or will

18  become substantially impaired in the value by acts of destruction or by failure to take care of the

19  property in a reasonable manner; and (iii) The ex parte issuance of a writ of possession is

20  necessary to protect the property." CAL. CODE. CIV. P. § 512.020(b)(3).

21  /////

22

23          [1] Although the financing agreements entered into by plaintiffs and defendants provide
that all disputes arising from the agreements will be governed by Illinois law (Kincade Decl.,
24  Exs. 1 and 4 at ¶ 27, ECF 3-1), the agreements explicitly provide "[u]pon the occurrence of a
Default, [plaintiffs] shall have all rights and remedies of a secured party under the UCC as in
25  effect in any applicable jurisdiction and other applicable law . . ." (*Id.* at ¶ 12.) Accordingly,
California law governs the present action. *See* CAL. U.C.C. § 9609 (a secured party may take
26  possession of collateral pursuant to judicial process).

II.  ANALYSIS

Although defendants have been served and were aware of the April 11, 2012 hearing (ECF 9-11, 13), they have not appeared.  Accordingly, plaintiffs' present application is analyzed as an ex parte application for writ of possession.

Plaintiffs have complied with the requirements of California Code of Civil Procedure § 512.010(b).  Specifically, plaintiffs state that the basis for their claim and right to possession is set forth in security documents executed between the parties, and attach copies of these documents.  (App. at 2; Kincade Decl. ¶¶ 3-10, Exs. 1-5, ECF 3 and 3-1.)  Plaintiffs have shown that defendants came into possession of the property by using the credit extended them by plaintiffs, the property is collateral for plaintiffs' loans, and defendants defaulted under the terms of the security documents by selling out of trust and failing to remit payment to plaintiffs.  (Kincade Decl. ¶¶ 11-15.)  Plaintiffs have provided a particular description of the property and a statement of its value.  (Supplemental Kincade Decl. ¶ 9, Ex. A; Proposed Order, ECF 20.)  Plaintiffs have further stated that they believe the property to be located at 10338 River Park Place, Truckee, CA 96161 or 11470 Lockwood Drive, Truckee, CA 96161.  (Proposed Order, ECF 20.)  Plaintiffs state that the property has not been taken for a tax, assessment, or fine, or seized under an execution against the property of plaintiffs.  (Kincade Decl. ¶ 39.)

Plaintiffs have further complied with the requirements of California Code of Civil Procedure § 512.060.  They have established the probable validity of their claim to possession by attaching the security documents, default notices, termination letters, and inventory list.  (Kincade Decl. ¶¶ 14-26, Exs. 7-11.)  Plaintiffs contend that they are willing to post an undertaking equivalent to double the value of the inventory but that they are exempted from this requirement in accordance with California Code of Civil Procedure § 515.010(b) (Kincade Decl. ¶ 36), which states: "If the court finds that the defendant has no interest in the property, the court shall waive the requirement of plaintiff's undertaking and shall include in the order for issuance of the writ the amount of the defendant's undertaking sufficient to satisfy the requirements of

1   subdivision(b) of Section 515.020."[2]  Plaintiffs have shown that defendants have no interest in

2   the missing collateral; rather, it effectively belongs to plaintiffs as the security for the defaulted

3   debts. Moreover, plaintiffs have indicated that they have a first priority right to possession of the

4   missing collateral.  (Kincade Decl. ¶ 37; Supplemental Kincade Decl. ¶ 17.)  However, the court

5   does not have before it any other financing documents related to defendants' business

6   operations; as such, it is impossible for the court to determine who in fact has the relative priority

7   interest in the subject property.  Granting plaintiffs' request may very well injure other potential

8   security interest holders.  Therefore, plaintiffs will be required to post an undertaking.

9          Moreover, plaintiffs are entitled to an ex parte writ of possession in accordance

10  with the requirements of California Code of Civil Procedure § 512.020(b)(3).  Plaintiffs have

11  shown that defendants acquired possession of the property in the ordinary course of their trade or

12  business for commercial purposes.  Furthermore, plaintiffs have indicated that the missing

13  collateral is not necessary for the support of defendants or their families.  (App. at 3.)  In

14  addition, plaintiffs have demonstrated that there is an immediate danger that the property will

15  become unavailable to levy and that it will become substantially impaired in value; specifically,

16  they have stated that defendants have sold and concealed collateral and that the missing

17  collateral continues to age and depreciate in value.  (Kincade Decl. ¶¶ 32-34.)  As such, plaintiffs

18  have shown that the issuance of a writ of possession is necessary to protect the missing

19  collateral.  (*Id.*)

20  //////

21  //////

22  //////

23

24          [2] California Code of Civil Procedure § 515.020(b) provides: "The undertaking shall state
    that, if the plaintiff recovers judgment on the action, the defendant shall pay all costs awarded to
25  the plaintiff and all damages that the plaintiff may sustain by reason of the loss of possession of
    the property. The damages recoverable by the plaintiff pursuant to this section shall include all
26  damages proximately caused by the plaintiff's failure to gain or retain possession."

III.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED:

1.   Plaintiffs' application for writ of possession is GRANTED.

2.   The Clerk of the Court shall issue a writ of possession directing the Sheriff of Nevada County, California, the levying officer, to seize and immediately turn over to plaintiffs or plaintiffs' representatives the property described in Attachment A, which consists of Polaris snowmobiles, Polaris parts, Polaris accessories, Bombardier snowmobiles, Bombardier parts, and Bombardier accessories.  CAL. CODE CIV. P. §§ 512.080, 514.010, and 514.030.  The levying officer shall additionally seize any and all books and records related to, reflecting, or associated with the sale of the above-specified property.

3.   Plaintiffs established at the hearing on this matter that there is probable cause to believe the property is located in defendant Jay England's home and defendants' business.  CAL. CODE CIV. P. § 512.060(b).  Accordingly, the levying officer may enter 10338 River Park Place, Truckee, CA 96161 and 11470 Lockwood Drive, Truckee, CA 96161 to effect the provisions of this order.

4.   If the missing collateral cannot be found at the foregoing addresses, plaintiffs may apply ex parte in writing to this court for an endorsement on the writ directing the levying officer to seize the property at a private place not specified in the writ.  CAL. CODE CIV. P. § 512.090(a).

5.   Plaintiffs shall post a bond in double the value of the property described in Attachment A, in the amount of $1,487,892.48.  CAL. CODE CIV. P. § 515.010(a).

/////

/////

/////

/////

1    6.    Defendants are directed to transfer possession of the missing collateral to

2        plaintiffs.  Failure to turn over possession of such property may subject

3        defendants to being held in contempt of court.  CAL. CODE CIV. P. § 512.070.

4  DATED:  April 12, 2012.

5

6  _____

7        UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26